FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 AUG 14 PM 1:20
AUG 14 2002
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CONNIE CATCHINGS ON BEHALF OF HER DAUGHTER, CHRISTY CATCHINGS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 01-3629 |
| ST. TAMMANY ASSOCIATION FOR RETARDED CITIZENS | * | SECTION "K" |
| | * | MAGISTRATE 2 |

* * * * * * * *

**MOTION FOR SUMMARY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes defendant St. Tammany Association for Retarded Citizens who, pursuant to FRCP 56, moves this court for an order granting its Motion for Summary Judgment as there are no issues of material fact and defendant is entitled to judgment as a matter of law.

**LEBLANC, TUSA & BUTLER, LLC**

MICHAEL T. TUSA, JR., #02154
2121 Airline Drive
Suite 405
Metairie, Louisiana 70001
(504) 828-1010 (phone)
(504) 828-1079 (fax)
Attorney for St. Tammany Association for Retarded Citizens

____ Fee ____
____ Process ____
X Dktd ____
____ CtRmDep ____
____ Doc. No. 24

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been forwarded to all counsel of record via U.S. Mail, postage pre-paid and properly addressed, this 14th day of August, 2002.

MICHAEL T. TUSA, JR.

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CONNIE CATCHINGS ON BEHALF OF HER DAUGHTER, CHRISTY CATCHINGS** | * * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 01-3629** |
| **ST. TAMMANY ASSOCIATION FOR RETARDED CITIZENS** | * | **SECTION "K"** |
| | * | **MAGISTRATE 2** |

* * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION**
**<u>FOR SUMMARY JUDGMENT</u>**

This memorandum is submitted on behalf of defendant St. Tammany Association for Retarded Citizens ("STARC") and in support of its Motion for Summary Judgment. In particular STARC moves this court for an order dismissing all of plaintiff's claims for the reasons set forth herein.

In pertinent part, FRCP 56(b) provides that:

> a party against whom a claim, counterclaim, or cross claim is asserted . . . may, at any time, move, with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

FRCP 56(c) also sets forth the relevant standard for determining whether summary judgment

should be granted. Specifically, it provides that:

> . . .The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In Celotex Corp. v. Catrett, *supra*, the court noted that:

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

See also Hans Const. Co. v. Phoenix Assur. Co. of New York, 995 F.2d 53 (5th Cir. 1993); George v. Kramo Ltd., 796 F.Supp. 1541, 1545 (E.D. La. 1992); Etheridge v. Sub Sea International, 806 F.Supp. 598, 600 (E.D. La. 1992).

It has been repeatedly affirmed that a Motion for Summary Judgment is appropriate in employment discrimination litigation.[1] See Chock v. Northwest Airlines, Inc., 113 F.3d 861 (8th Cir. 1997); Evans v. Technologies Applications and Service Company, 80 F.3d 954 (4th Cir.

---

[1] This remains true even after Reeves v. Sanderson Plumbing, 120 S.Ct. 2097 (2000). See Auguster v. Vermillion Parish School Board, 249 F.3d 400 (5th Cir. 2001); Rubinstein v. Administrators of the Tulane Educational Fund, 218 F.3d (5th Cir. 2000).

1996); Lidge-Myrtil v. Deere & Co., 49 F.3d 1308, 1312 (8th Cir. 1995); Shannon v. Ford Motor Co., 72 F.3d 678 (8th Cir. 1996); Barrow v. New Orleans Steamship Association, 10 F.3d 292 (5th Cir. 1994); Bodenheimer v. P.P.G. Industries, Inc., 5 F.3d 955 (5th Cir. 1993); Journigan v. Eastover Bank for Savings, 805 F.Supp. 415 (S.D. Miss. 1992); Aleman v. State of Texas, 803 F.Supp. 10 (S.D. Tex. 1992); Johnson v. Southwestern Bell Telephone, 819 F.Supp. 578 (E.D. Tex. 1993); Moore v Eli Lilly & Co., 802 F.Supp. 1468 (N.D. Tex. 1992). This has also been true in claims, like plaintiff's herein. See Stopka v. Alliance of American Insurers, 141 F.3d 681 (5th Cir. 1998); Mulhall v. Advance Security, 19 F.3d 586 (11th Cir. 1994).

**A. What constitutes "proof" by the plaintiff in response to a Motion for Summary Judgment?**

In responding to a Motion for Summary Judgment, not just any evidence presented by a plaintiff constitutes sufficient evidence to defeat a Motion for Summary Judgment. As the court wrote in Etheridge, supra, 600:

> The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Therefore, 'if the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate. [Anderson] 477 U.S. at 249-50 . . . .

See also Schenck v. Living Centers East, 917 F.Supp. 432 (E.D. La. 1996); Sinkler v. Midwest Property Management, 209 F.3d 678 (7th Cir. 2000). In other words, in responding to a Motion for Summary Judgment, not just any evidence will be sufficient to defeat it.[2] See Douglas v.

---

[2] As the court recently wrote in Rubinstein, supra, ". . . discrimination suits still require evidence of discrimination." 218 F.3d at 400.

United Services Auto Ass'n., 79 F.3d 1415, 1429 (5th Cir. 1996).

More importantly, the court in Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 993 (5th Cir. 1996) noted that in assessing summary judgment evidence, "There must be a conflict in substantial evidence to create a jury question." In LaPierre v. Benson Nissan, Inc., 86 F.3d 444 (5th Cir. 1996), the court cited Rhodes, supra, and indicated that:

> In the employment discrimination context, evidence is 'substantial' if it is such as to allow a rational fact finder to make a reasonable inference that [disability] was a determinative reason for the employment decision. Page 449.

See also Walton v. Bisco Industries, 119 F.3d 368 (5th Cir. 1997). The court in LaPierre, *supra*, then created a two pronged test regarding summary judgment evidence and concluded that:

> A jury issue will be presented and a plaintiff can avoid summary judgment . . . if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [sex, race, etc.] was a determinative factor in the actions of which plaintiff complains. Page 450.

See also Ontiveros v. Asarco, Inc., 83 F.3d 732, 734 (5th Cir. 1996).

In applying this two-pronged standard to plaintiff's evidence in opposition to a Motion for Summary Judgment it is important to note what is not considered by the courts as sufficient or "substantial" enough evidence to defeat a Motion for Summary Judgment. In Mosley v. Houston Community College System, 951 F.Supp. 1279, 1288-1289 (S.D. Tex. 1996), for example, the court wrote:

> Conclusory allegations and unsubstantiated assertions of racial

> discrimination are not sufficient to create a genuine issue of material fact and defeat summary judgment.

See also Douglas v. United Servs. Auto. Ass'n., 65 F.3d 452, 459 (5th Cir. 1995); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1995); Ray v. Tandem Computers, Inc., 63 F.3d 429, 434 (5th Cir. 1995). Similarly, the court in Hernandez v. Exxon Corp., 943 F.Supp. 740, 746-747 (S.D. Tex. 1996) wrote:

> An employee's own subjective belief of discrimination, however genuine, cannot serve as the basis for judicial relief.

In Evans v. Technologies Applications & Service Co., 80 F.3d 954, 960 (4th Cir. 1996), the court went one step further in assessing the plaintiff's summary judgment evidence. In particular, the court noted that:

> . . . (Plaintiff's own opinions and conclusory allegations do not have sufficient probative force to reflect a genuine issue of material fact.)

See also Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 245 (4th Cir. 1982). Further, "...inadmissable hearsay cannot defeat a Motion for Summary Judgment . . . ." Pritchard v. Southern Co. Services, 92 F.3d 1130, 1135 (11th Cir. 1996).

In the present case, there are no material factual issues in dispute of significance. Indeed, this motion is largely based on the position that as a matter of law, plaintiff cannot succeed on her claims.

## I. FACTUAL BACKGROUND

St. Tammany Association for Retarded Citizens ("STARC") is a Louisiana not for profit corporation which provides a variety of services for developmentally disabled adults in the parish of St. Tammany ("clients"). STARC employs approximately 200 people and provides services to innumerable developmentally disabled adults. This includes employment of disabled individuals under sheltered workshop certificates.[3]

The STARC program is divided into various programs including the linen service program. The linen service program is supervised by Rhonda Clark. (Exhibit 7.) The linen service program contracts with various businesses and STARC clients perform duties such as washing, drying and folding laundry and towels. The staff (client and non-client) in the linen service program has generally consisted of 10-12 disabled workers, 3 linen service staff, 1 production worker and 1 driver. (Exhibit 7.)

According to plaintiff she was denied employment ". . . with STARC for a position in the laundry facility . . . including such duties as washing, drying and folding laundry." (Par. 14.) Plaintiff alleges that this denial of employment was based upon her disability and/or race. (Par. 15.) Ms. Clark, the Linen Service Facilitator, denies that plaintiff ever applied for a job in linen services. (Exhibit 7.) Ms. Clark recalls that plaintiff's sister worked in linen service for ½ day and quit without notice. (Exhibit 7.)

The evidence, however, reflects that plaintiff, through her mother, partially completed an

---

3 Sheltered workshops are authorized under 29 USC 214(c).

employment application with STARC on or about April 10/11, 2000. (Exhibit 1.) On that application (first page) plaintiff indicated that she sought "seasonal" work instead of "part time" or "full time" work. (Exhibit 1.) The linen service program is not a seasonal program. As plaintiff was a minor at the time state law required that she obtain an employment certificate from the Department of Labor. This was issued to plaintiff on or about April 20, 2000 and reflects that she was to work in a sheltered workshop for STARC. (Exhibit 2.)

The evidence further reflects that plaintiff was in fact hired for seasonal work by defendant STARC and began working prior to May 12, 2000. (Exhibit 3.) She received her first pay check from STARC on May 12, 2000. (Exhibit 3, 4.) The payroll records reflect that she performed seasonal work for STARC until approximately September 1, 2000. (Exhibits 3, 4.)

Plaintiff's mother was terminated from her employment with STARC in February, 2001. Plaintiff's mother then filed an EEOC charge on her own behalf and on behalf of her daughter[4] (plaintiff herein). (Exhibit 5.) The EEOC found no merit in either charge. (Exhibit 6.) Plaintiff's mother than filed a handwritten lawsuit on behalf of her daughter and ultimately the Tulane Law Clinic was appointed to represent her. In the lawsuit plaintiff alleges that she was denied employment by STARC in linen services because of her race and/or disability. STARC has denied plaintiff's claims.

---

[4] The EEOC charge filed on behalf of plaintiff herein states that she was denied the opportunity to work in the laundry on June 10, 2000. (Exhibit 5.) As of June 10, 2000 plaintiff was already employed by defendant as a seasonal worker. (Exhibits 1-4.)

## II. PLAINTIFF'S BURDEN OF PROOF: RACE DISCRIMINATION CLAIM

### A. Plaintiff must prove a prima facie case of race discrimination

In the context of a race discrimination claim, there is a specific allocation of proof. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 2748, 125 L.Ed.2d 407 (1993). This allocation of proof applies regardless of whether plaintiff's claim is a failure to hire, failure to promote, or a wrongful termination claim on the basis of race.

The allocation of proof requires that plaintiff first establish a prima facie case of race discrimination. See James v. Ranch Mart Hardware, Inc., 881 F.Supp 478 (D. Kan. 1995); Evans v. Jay Instrument and Specialty Co., 889 F.Supp 802 (S.D. Ohio 1995). To establish a prima facie case of race discrimination, Ms. Catchings must prove that: (1) she is a member of a protected class; (2) she was qualified for the job in question; (3) she suffered an adverse employment action; and (4) non-class members (in this case, white employees) in the same or similar circumstances were treated more favorably. See James, *supra*, Dean v. Pepsi Cola Binghamton Bottlers, 894 F. Supp. 600 (N.D.N.Y. 1995).

In the present case, it is undisputed that plaintiff is African American and, therefore, in a protected class. However, it is disputed that plaintiff can meet the remainder of the criterion for proving a prima facie case of race discrimination. In particular plaintiff cannot show that she was qualified for the job in question, that she suffered an adverse employment action or that whites

were treated more favorably.

**(1) Plaintiff was not qualified for the job nor suffered an adverse employment action as she never applied for the job in question**

The undisputed evidence show that plaintiff, through her mother, applied for "seasonal" work with STARC on or about April 10, 2000. (Exhibit 1.) After obtaining the necessary certificate for a minor working she began her seasonal employment with defendant in early May, 2000. (Exhibits 3, 4.) She continued working as a seasonal employee until on or about September 1, 2000. (Exhibit 3, 4.) There is no application or other documentation reflecting that plaintiff ever applied for the linen service job she now complains about. Indeed the evidence is that she was hired for the job she applied for (seasonal) and never applied for the linen service job.

Rhonda Clark the facilitator of the Linen Service program has attested that at "no time did Connie Catchings or Christy Catchings ever ask . . . about a job for Christy working at linen services". (Exhibit 7.) She has further attested that she is unaware of ". . . Christy ever applying for a job with linen services." (Exhibit 7.) Rather, Ms. Clark recalls that she hired Christy's sister who worked ". . . for a ½ day and quit without notice." (Exhibit 7.) She also recalls plaintiff's mother asking ". . . if her daughter Christy could sit in the laundry facility while Connie drove her route bus for STARC as Christy had no-one to watch her."[5] (Exhibit 7.)

The absence of evidence that plaintiff applied for the linen service job is critical and

---

[5] Ms. Clark's memory on this point is buttressed by an August 19, 1999 memo cautioning Ms. Catchings about leaving her daughter at work unattended. (Exhibit 8.)

defeats plaintiff's claim that she was not hired for this job based upon her race (or disability).

It should be noted that even if plaintiff is alleging she should have been reassigned to the linen service program from her seasonal work her proof fails. As the court rote in Deas v. River West L.P., 152 F.3d 471, 481 (N 23) (5th Cir. 1998):

> There is a possibility that Deas is attempting to assert the claim that Miller discriminated against her by refusing to reassign her to a different position within the hospital. Deas, however, cannot prevail on this claim because she has not made any showing either that position were available or that she applied for, requested to be considered for, or even showed an interest in other position at the hospital. Deas bears the initial burden of producing evidence on these issues. See Forman v. Babcock & Wilcox Co., 117 F.3d 800, 810 (5th Cir. 1997). Absent any evidence that such position were available and absent any allegation that Deas requested to be considered for such a position, Deas has not even stated a claim of discrimination in hiring practices let alone produced sufficient evidence to survive a motion for summary judgment. Thus, even if the record contained evidence that Miller perceived Deas as disabled (which incidentally, it does not), Deas' claim would still fail, and Miller's perceptions are therefore irrelevant to the disposition of this case.

**(2) Plaintiff cannot prove that white employees were treated more favorably**

The final element of her prima facie proof is that similarly situated white employees were treated more favorable than she was treated. Plaintiff has no evidence at all in this regard.

**B. Defendant's burden of production**

Assuming *arguendo* that the plaintiff proves a prima facie case of discrimination, which is denied, the burden of production then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its actions. LaPierre, *supra*. This burden of production on

defendant to articulate a legitimate nondiscriminatory reason for its actions is not very great. As the court noted in Hartsel v. Keys, 87 F.3d 795, 800 (6th Cir. 1996):

> It is important to note that the defendant need not prove a non-discriminatory reason . . . but need merely articulate a valid rationale.

The courts have also made it clear that the law does not allow the courts to second guess the employee's articulated reasons for its actions. As the court noted in Lidge-Myrtil v. Deere & Co., 49 F.3d 1308, 1312 (8th Cir. 1995):

> Deere proffered a legitimate nondiscriminatory reason for giving Bundschuh the position. We do not sit to determine if this reason is based on sound principles of business judgment. Davenport v. Riverview Gardens School, 30 F.3d 940, 945 (8th Cir. 1994). Nor is it our place to tell a business that it must promote an individual who may very well be inappropriate for a position. . .

Rather, the relevant inquiry is whether the employer's decision was based on race.

After the defendant articulates a legitimate nondiscriminatory reason for its action, the plaintiff bears "...the final burden of persuasion on the issue of intentional discrimination." See Amirmokri v. Baltimore Gas & Elec. Co., 60 F.3d 1126, 1130 (4th Cir. 1995); Bodenheimer v. P.P.G. Industries, 5 F.3d 955, 957 (5th Cir. 1993). In other words, the plaintiff must carry the burden of proof on "the ultimate question of whether the defendant intentionally discriminated against plaintiff." LaPierre, *supra*, page 446. The mere fact that a plaintiff even succeeds at proving that a defendant's proffered reasons for its actions are pretextual does not necessarily mean plaintiff is entitled to judgment because the ultimate issue on which plaintiff bears the burden of persuasion is not whether the employer has given the true reasons for its actions but

whether the employer's actual reason is a discriminatory one prohibited by law. See St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993); Rhodes v. Guiberson Oil Tools, 75 F.3d 989 (5th Cir. 1996).

**C. Defendant has articulated a legitimate non-discriminatory reason for its actions involving plaintiff**

As previously noted, if plaintiff succeeds at proving a prima facie case of race discrimination, the employer must articulate a legitimate non-discriminatory reason for its actions. See Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1089-1090 (5th Cir. 1995). In the present case the evidence shows that plaintiff was hired for the job she applied for. There is no evidence she sought a linen service job or that such was denied her. As a result defendant has articulated a legitimate nondiscriminatory reason for its actions.

**D. Plaintiff has no proof of pretext or discrimination as to her race discrimination claim**

After the defendant has articulated a legitimate non-discriminatory reason for its actions, the burden shifts to the plaintiff to prove pretext and intentional discrimination. In Bodenheimer v. PPG Industries, 5 F.3d 955 (5th Cir. 1993), the court wrote:

> To prevail ultimately, the plaintiff must prove, through a preponderance of the evidence, that the employer's reasons were not the true reasons for the employment decision and that her unlawful discrimination was. Bodenheimer, *supra*, page 957.

See also Amirmokri v. Baltimore Gas & Elec. Co., 60 F.3d 1126, 1130 (4th Cir. 1995).

**1. Defendant hired plaintiff for seasonal work**

The undisputed evidence reflects that STARC in fact hired plaintiff for the exact type of work she applied for (seasonal). At the time she was hired for this work she was African American. Defendant's willingness to hire plaintiff for the job she applied for defeats her claim of racial discrimination against her. It defeats plaintiff's claim of pretext as well.

## III. PLAINTIFF'S BURDEN OF PROOF: DISABILITY DISCRIMINATION CLAIM

In a failure to hire case under the ADA the plaintiff has the burden of proving that she has a "disability"; is a "qualified individual with a disability" and that the defendant discriminated against her because of her disability.[6] Buchanan v. City of San Antonio, 85 F.3d 196 (5th Cir. 1996). In reference to the discrimination component of her burden of proof plaintiff must prove defendants was ". . . motivated by the considerations prohibited by the statute". Hypes v. First Commerce Corporation, 134 F.3d 721, 726 (5th Cir. 1998).

As noted above plaintiff cannot carry her burden of proof. She submitted an application for seasonal work with STARC and in fact was hired to perform seasonal work for STARC. She has no evidence that she applied for another position and was denied employment in such a position. As a result she cannot carry her burden of proving disability discrimination.

---

[6] This can be done by direct evidence of discrimination or by using the shifting burdens of production in McDonnell Douglas Corp. v. Green, 411 US 792, 93 SCt 1817, 36 L.Ed. 2d 668 (1973); Seaman v. CSPH Inc., 179 F.3d 297 (5th Cir. 1999).

## CONCLUSION

For the reasons assigned defendant's Motion for Summary Judgment should be granted. Plaintiff cannot carry her burden of proof on either of her claims as defendant, in fact, hired her for seasonal work.

**LEBLANC, TUSA & BUTLER, LLC**

MICHAEL T. TUSA, JR., #02154
2121 Airline Drive
Suite 405
Metairie, Louisiana 70001
(504) 828-1010 (phone)
(504) 828-1079 (fax)
Attorney for St. Tammany Association for Retarded Citizens

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been forwarded to all counsel of record via U.S. Mail, postage pre-paid and properly addressed, this 14th day of August, 2002.

MICHAEL T. TUSA, JR.

**EXHIBIT LIST**

1. Employment Application for Christy Catchings
2. DOL Employment Certificate
3. Pay checks to Christy Catchings
4. Payment History by Employee - Christy Catchings
5. EEOC Charge on behalf of Christy Catchings
6. Notice of Dismissal of EEOC Charge
7. Affidavit of Rhonda Clark
8. Memo to Connie Catchings from Sherri Johnston

\\LTBSERVER\data\mtusa\2862-004 (01-3629)\PLEADINGS\MOTION FOR SUMMARY JUDGMENT wpd

ST. TAMMANY ARC
CENTRAL OFFICE
1541 ST. ANN
SLIDELL, LA 70460

# EMPLOYMENT APPLICATION

We are an Equal Opportunity Employer. We comply with all applicable Federal, State, and local laws concerning discrimination in employment. No question in this application is intended to elicit information in violation of any such law nor will any information obtained in response to any question be used in violation of any such law.

## BACKGROUND INFORMATION

Last Name: Catchings | First: Christy | Middle: Jozette | Date of Application: 4.10.00

Street Address: 38151 N. 3Rd Avenue | Home Phone: (504) 863-2452

City, State, Zip: Slidell | How Long at Present Address? 3YRS

Were you previously employed by this organization?
☐ Yes, Date (s) NO Department ☐ No | Social Security No. 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

Have you previously applied for work to this organization?
☐ Yes, Date (s) NO ☐ No | Drivers License No. (If applicable)*

Position Applying For | Wages Desired

Check the following options which you would consider:
☐ Full-Time ☐ Part-Time ☐ Temporary ☑ Seasonal ☐ Co-op

In case of emergency notify: Connie Catchings | Phone ( ) same

Date available for work: 4.17.00

## EDUCATION AND TRAINING

| SCHOOL | NAME AND LOCATION OF SCHOOL | COURSE OF STUDY | NO. OF YEARS COMPLETED | DID YOU GRADUATE | DIPLOMA OR DEGREE |
|---|---|---|---|---|---|
| HIGH SCHOOL | Pearl River High | English, math Computer, | 3 | ☑ Yes ☐ No | |
| COLLEGE OR UNIVERSITY | — | | | ☐ Yes ☐ No | |
| COLLEGE OR UNIVERSITY | — | | | ☐ Yes ☐ No | |
| TRADE SCHOOL | — | | | ☐ Yes ☐ No | |
| APPRENTICE SCHOOL | — | | | ☐ Yes ☐ No | |

List any other education, training, special skills or certificates/licenses that you possess which are relevant to the position for which you have applied: none

List any machines or equipment that you are qualified and experienced at operating which are relevant to the position for which you have applied: Calculator

* Applicable only if job for which you have applied may require driving a motor vehicle.

## EXPERIENCE - List Present and Former Employers beginning with most recent.

**1**

| | |
|---|---|
| Company Name: Northshore Volunteer Dept. | Type of Business: Hospital |
| | Phone No. ( ) |
| Address: Gause Blvd. | Employed (Month and Year) From To |
| Name and Title of Supervisor: Ms. Mary | May We Contact? ☑ Yes ☐ No |
| | Employed ☐ Full-Time ☐ Part-Time |
| State Last Job Title and Describe Your Work | Wages Starting Last |
| | Reason for Leaving |

**2**

| | |
|---|---|
| Company Name: N/A | Type of Business |
| | Phone No. ( ) |
| Address | Employed (Month and Year) From To |
| Name and Title of Supervisor | May We Contact? ☐ Yes ☐ No |
| | Employed ☐ Full-Time ☐ Part-Time |
| State Last Job Title and Describe Your Work | Wages Starting Last |
| | Reason for Leaving |

**3**

| | |
|---|---|
| Company Name | Type of Business |
| | Phone No. ( ) |
| Address | Employed (Month and Year) From To |
| Name and Title of Supervisor | May We Contact? ☐ Yes ☐ No |
| | Employed ☐ Full-Time ☐ Part-Time |
| State Last Job Title and Describe Your Work | Wages Starting Last |
| | Reason for Leaving |

## SKILLS AND QUALIFICATIONS

Have you had any other experiences or qualifications in addition to those indicated above which relate to the job for which you are applying?

Christy knows how to follow simple directions. Count and complete different tasks.

## REFERENCES - List business persons known, but not related to you, other than listed above.

| | NAME | TITLE | BUSINESS | PHONE NO. | YEARS KNOWN |
|---|---|---|---|---|---|
| 1 | Pastor Cockrell | Rev | Church | 726-5178 | 2 |
| 2 | Wendy Thorton | Teacher | School | 863-8740 | 2 |
| 3 | Cynthia Plummer | Evangelist | Spreading the word | 641-5281 | 2 |
| 4 | | | | | |

## ADDITIONAL EMPLOYMENT - RELATED INFORMATION

List any relatives or friends working for this organization:

| NAME | RELATIONSHIP |
|---|---|
| Connie Catchings | Mother |

Can you verify your legal rights to work in the U.S. by providing a birth certificate, proof of U.S. Citizenship, or by some other means? ☐ Yes ☐ No

If your are under 18, are you able to furnish a work permit? ☐ Yes No

Have you been convicted of a crime in the past 7 years, excluding misdemeanors and summary offenses, which has not been annulled, expunged, or sealed by a court? ☐ Yes ☐ No

If "yes", please describe in detail:

(A conviction record will not necessarily be a bar to employment.)

Additional Remarks:

## APPLICANT'S CERTIFICATION - Please read carefully before signing.

I certify that the answers given by me to the foregoing questions and the statements made by me in this application are correct and complete. I understand that, if I become employed, a misrepresentation or omission of fact in this application may result in my discharge from employment.

I authorize the company, as part of its evaluation of my suitability for employment, to contact all school officials, references, and my previous supervisors to secure information concerning my skills, character, and ability.

I further acknowledge and agree that no manager or representative of the Company has any authority to enter into any employment agreement.

I understand and agree that, if I am employed, I will be an **at-will** employee and the Company may terminate my employment at any time and for any or no reason without prior notice.

| Applicant's Signature | Date |
|---|---|
| Christy S. Catchings | 4.11.00 |

**DO NOT WRITE BELOW - FOR COMPANY USE ONLY**

Offer to be extended? ☐ YES ☐ NO
☐ Regular
☐ Conditional ______________________

Notified on ____________ (Date) by ____________ (Initials) via
☐ Telephone
☐ Confirmed in Writing
☐ Other ______________________

| Job Title | Wages | | Starting Date |
|---|---|---|---|
| | ☐ Hourly $ | ☐ Weekly $ | |

☐ Full-Time Regular ☐ Full-Time Temporary ☐ CO-OP
☐ Part-Time Regular ☐ Part-Time Temporary ☐ Seasonal

| Hours Per Week | Scheduled Work Days | Benefits | | |
|---|---|---|---|---|
| | | ☐ Full | ☐ Prorated | ☐ None |

In addition, the Candidate will be advised of the following conditions and terms as part of this offer of employment:

| APPROVED | DATE | APPROVED | DATE | APPROVED | DATE |
|---|---|---|---|---|---|
| | | | | | |

STATE OF LOUISIANA
DEPARTMENT OF LABOR
OFFICE OF LABOR
MINOR DIVISION

This certificate does not authorize employment contrary to the provisions of any Federal law.

Parish of St. Tammany

City or Town of Slidell

# EMPLOYMENT CERTIFICATE

For
Minors 16 and 17 years of Age
Issued under the provisions of Act 301 of 1908 As Amended

Certificate No. 99-00 2440

Date of Issue 4/20/00

1 Name of Minor Christy Catchings

Address 38151 N 3rd Avenue

2 Age 17 3. Sex F 4. Date of Birth 9/15/82

5. Specify evidence of age accepted La B/C

6. Name of Employer STARC

Physical Address 40016 Hwy 190 East
(where work will be performed)

Employer Telephone No. 641-0432

7. Industry of Employer Sheltered Workshop

8. Occupation of Minor Assembly
(job tasks to be performed)

Pursuant to the authority vested in me by law, I hereby certify that the above named minor, until this certificate is cancelled or revoked, is authorized to accept employment as specified above under all the conditions and provisions imposed by the laws of the State and rules and regulations of the Assistant Secretary, Office of Labor, State of Louisiana.

9. Signature of Minor Christy Jozette Catchings

Signature of Issuing Officer Dennis J. Causen

Title SUPERVISOR, SLIDELL ANNEX
St. Tammany Parish School Board
980 Ninth Street
Slidell, LA 70458-2008

Physical Address

This certificate is non-transferable. The employer shall keep the certificate on file while the minor is employed by him and shall return it to the issuing officer within three days after the termination of the minor's employment.

To be issued in triplicate: original to be returned to employer, duplicate for files of issuing officer, and triplicate to Minor Division.




LDOL-OL 824
Revised (6-94)

EMPLOYER'S COPY

**ST. TAMMANY ARC**
1541 ST. ANN PLACE
SLIDELL, LA 70460



**BANK ONE**
2205 E. Gause Blvd.
Slidell, LA 70461

84-13
654

No. 037421

***18*Dollars and 43 Cents***

| DATE | CHECK NO. | PAYEE I.D. |
|---|---|---|
| 05/12/00 | 37421 | 705 |

PAY THIS AMOUNT
*********$18.43

PAY TO THE ORDER OF

CHRISTY J. CATCHINGS
38151 N 3RD AVE
SLIDELL LA 70460

AUTHORIZED SIGNATURE

⑈037421⑈ ⑆065400137⑆690 0968 80 3⑈ ⑈0000001843⑈

FOR DEPOSIT ONLY
BGL GROCERS, INC.
D/B/A SuperValu Fresh Foods
#81 24 422869 1 4

MAY 15 00

99712051 05/16/2000 7197

MY 00 16

111900057

05152000

03742303

EXHIBIT "3"

11/28/2001

ST. TAMMANY ARC
1541 ST. ANN PLACE
SLIDELL, LA 70460

BANK ONE
2205 E. Gause Blvd.
Slidell, LA 70461

84-13
654

No. 038292

| | DATE | CHECK NO. | PAYEE I.D. |
|---|---|---|---|
| ***16*Dollars and 28 Cents*** | 06/23/00 | 38292 | 705 |

PAY THIS AMOUNT
*********$16.28

PAY TO THE ORDER OF

CHRISTY J. CATCHINGS
38151 N 3RD AVE
SLIDELL LA 70460

AUTHORIZED SIGNATURE

⑈038292⑈ ⑆065400137⑆690 0968 80 3⑈ ⑈0000001628⑈

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE *

Christy J Catchings

8552 53267 06
JY ACCT#0630096803
ON-US-CASH CHECK
BANK ONE
1901 PARKWOOD
BEDFORD, TX 76021

4812 07/03/2000 17:54
$16.28
06/30/2000

Pearl River School # 1030917/20

ST. TAMMANY ARC
1541 ST. ANN PLACE
SLIDELL, LA 70460

BANK ONE
2205 E. Gause Blvd.
Slidell, LA 70461

84-13
654

No. 038840

| | DATE | CHECK NO. | PAYEE I.D. |
|---|---|---|---|
| ***6*Dollars and 5 Cents*** | 07/21/00 | 38840 | 7054 |

PAY THIS AMOUNT
**********$6.05

PAY TO THE ORDER OF

CHRISTY J. CATCHINGS
38151 N 3RD AVE
SLIDELL LA 70460

AUTHORIZED SIGNATURE

⑈038840⑈ ⑆065400137⑆ 0968 80 3⑈ ⑈0000000605⑈

0052 53260 05 7171 07/24/2000 15:55
ACCT# 6960968883
ON-US CASH CHECK $6.05
07/21/2000

JUL 24 '00
BANK ONE
1901 PARKWOOD
BEDFORD, TX 76021
111000577

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

Christy Catchings

Connie Catchings
38151 North 3rd Ave
Slidell

DOB - 11-28-1951

ST. TAMMANY ARC
1541 ST. ANN PLACE
SLIDELL, LA 70460

BANK ONE
2205 E. Gause Blvd.
Slidell, LA 70461

84-13
654

No. 039168

***18*Dollars and 16 Cents***

| DATE | CHECK NO. | PAYEE I.D. |
| --- | --- | --- |
| 08/09/00 | 39168 | 705 |

PAY THIS AMOUNT
*********$18.16

PAY TO THE ORDER OF

CHRISTY J. CATCHINGS
38151 N 3RD AVE
SLIDELL LA 70460

AUTHORIZED SIGNATURE

⑈039168⑈ ⑆065400137⑆690 0968 80 3⑈ ⑈0000001816⑈

AG 00 11
BANK ONE
1001 PARKWOOD
BEDFORD, TX 76021
1119
00057

Christy Catchings

DEPOSIT 18.16 ONLY TO
** WINN DIXIE Location 1504 **
8/10/00 17:05 1504



**ST. TAMMANY ARC**
1541 ST. ANN PLACE
SLIDELL, LA 70460

**BANK ONE**
2205 E. Gause Blvd.
Slidell, LA 70461

84-13
654

No. 039401

| | DATE | CHECK NO. | PAYEE I.D. |
|---|---|---|---|
| ***5*Dollars and 70 Cents*** | 08/18/00 | 39401 | 7054 |

PAY THIS AMOUNT
**********$5.70

PAY TO THE ORDER OF

CHRISTY J. CATCHINGS
38151 N 3RD AVE
SLIDELL LA 70460

AUTHORIZED SIGNATURE

⑈039401⑈ ⑆065400137⑆690 0968 80 3⑈ ⑈0000000570⑈

AG 00 24
111900057

065000090
08/23/00

04618849

**ST. TAMMANY ARC**
1541 ST. ANN PLACE
SLIDELL, LA 70460

BANK ONE
2205 E. Gause Blvd.
Slidell, LA 70461

84-13
654

No. 039676

| | DATE | CHECK NO. | PAYEE I.D. |
|---|---|---|---|
| ***12*Dollars and 3 Cents*** | 09/01/00 | 39676 | 7054 |

PAY THIS AMOUNT
*********$12.03

PAY TO THE ORDER OF

CHRISTY J. CATCHINGS
38151 N 3RD AVE
SLIDELL LA 70460

AUTHORIZED SIGNATURE

⑈039676⑈ ⑆065400137⑆690 0968 80 3⑈ ⑈0000001203⑈

FOR DEPOSIT ONLY
BGL GROCERS, INC.
D/B/A BUY-RITE Valu Fresh Foods
#81 24 412363

Connie Catchings
0038910 90

HIBERNIA NATIONAL BANK
NEW ORLEANS, LA 09052000
04901860

SEP -5 00

# Paycheck History by Employee

12/31/2000
ST. TAMMANY ARC

| 7054-CATCHINGS, CHRI | 5/12/2000 | Gross Pay | $20.41 | Deductions | $1.98 | Check No. | 37421 | $18.43 |
|---|---|---|---|---|---|---|---|---|

| | Hours | Earnings | Earnings/Special Codes | Federal Taxes | | State/OtherTaxes | | Deduction Codes |
|---|---|---|---|---|---|---|---|---|
| Std | 26.50 | $20.41 | | F.I.T. | $0.00 | Louisiana | $0.41 | |
| | | | | F.I.C.A. | $1.27 | | | |
| | | | | Medicare | $0.30 | | | |
| | 26.50 | $20.41 | $0.00 | | $1.57 | | $0.41 | $0.00 |

| 7054-CATCHINGS, CHRI | 6/23/2000 | Gross Pay | $18.02 | Deductions | $1.74 | Check No. | 38292 | $16.28 |
|---|---|---|---|---|---|---|---|---|

| | Hours | Earnings | Earnings/Special Codes | Federal Taxes | | State/OtherTaxes | | Deduction Codes |
|---|---|---|---|---|---|---|---|---|
| Std | 23.40 | $18.02 | | F.I.T. | $0.00 | Louisiana | $0.36 | |
| | | | | F.I.C.A. | $1.12 | | | |
| | | | | Medicare | $0.26 | | | |
| | 23.40 | $18.02 | $0.00 | | $1.38 | | $0.36 | $0.00 |

| 7054-CATCHINGS, CHRI | 7/21/2000 | Gross Pay | $6.69 | Deductions | $0.64 | Check No. | 38840 | $6.05 |
|---|---|---|---|---|---|---|---|---|

| | Hours | Earnings | Earnings/Special Codes | Federal Taxes | | State/OtherTaxes | | Deduction Codes |
|---|---|---|---|---|---|---|---|---|
| Un | 12.00 | $6.69 | | F.I.T. | $0.00 | Louisiana | $0.13 | |
| | | | | F.I.C.A. | $0.41 | | | |
| | | | | Medicare | $0.10 | | | |
| | 0.00 | $6.69 | $0.00 | | $0.51 | | $0.13 | $0.00 |

| 7054-CATCHINGS, CHRI | 8/9/2000 | Gross Pay | $20.10 | Deductions | $1.94 | Check No. | 39168 | $18.16 |
|---|---|---|---|---|---|---|---|---|

| | Hours | Earnings | Earnings/Special Codes | Federal Taxes | | State/OtherTaxes | | Deduction Codes |
|---|---|---|---|---|---|---|---|---|
| Std | 26.10 | $20.10 | | F.I.T. | $0.00 | Louisiana | $0.40 | |
| | | | | F.I.C.A. | $1.25 | | | |
| | | | | Medicare | $0.29 | | | |
| | 26.10 | $20.10 | $0.00 | | $1.54 | | $0.40 | $0.00 |

| 7054-CATCHINGS, CHRI | 8/18/2000 | Gross Pay | $6.31 | Deductions | $0.61 | Check No. | 39401 | $5.70 |
|---|---|---|---|---|---|---|---|---|

| | Hours | Earnings | Earnings/Special Codes | Federal Taxes | | State/OtherTaxes | | Deduction Codes |
|---|---|---|---|---|---|---|---|---|
| Un | 8.20 | $6.31 | | F.I.T. | $0.00 | Louisiana | $0.13 | |
| | | | | F.I.C.A. | $0.39 | | | |
| | | | | Medicare | $0.09 | | | |
| | 0.00 | $6.31 | $0.00 | | $0.48 | | $0.13 | $0.00 |

EXHIBIT 4

# Paycheck History by Employee

12/31/2000
ST. TAMMANY ARC

| 7054-CATCHINGS, CHRI | 9/1/2000 | Gross Pay | $13.32 | Deductions | $1.29 | Check No. | 39676 | $12.03 |
|---|---|---|---|---|---|---|---|---|

| | Hours | Earnings | Earnings/Special Codes | Federal Taxes | | State/OtherTaxes | | Deduction Codes |
|---|---|---|---|---|---|---|---|---|
| Un | 17.30 | $13.32 | | F.I.T. | $0.00 | Louisiana | $0.27 | |
| | | | | F.I.C.A. | $0.83 | | | |
| | | | | Medicare | $0.19 | | | |
| | 0.00 | $13.32 | $0.00 | | $1.02 | | $0.27 | $0.00 |

| CATCHINGS, CHRISTY | Gross Pay | $84.85 | Deductions | $8.20 | $76.65 |
|---|---|---|---|---|---|

| | Hours | Earnings | Earnings/Special Codes | Federal Taxes | | State/OtherTaxes | | Deduction Codes |
|---|---|---|---|---|---|---|---|---|
| Std | 76.00 | $58.53 | | F.I.T. | $0.00 | Louisiana | $1.70 | |
| Un | 37.50 | $26.32 | | F.I.C.A. | $5.27 | | | |
| | | | | Medicare | $1.23 | | | |
| | 76.00 | $84.85 | $0.00 | | $6.50 | | $1.70 | $0.00 |

| Paycheck History Grand | Gross Pay | $84.85 | Deductions | $8.20 | $76.65 |
|---|---|---|---|---|---|

| | Hours | Earnings | Earnings/Special Codes | Federal Taxes | | State/OtherTaxes | | Deduction Code |
|---|---|---|---|---|---|---|---|---|
| Std | 76.00 | $58.53 | | F.I.T. | $0.00 | Louisiana | $1.70 | |
| Un | 37.50 | $26.32 | | F.I.C.A. | $5.27 | | | |
| | | | | Medicare | $1.23 | | | |
| | 76.00 | $84.85 | $0.00 | | $6.50 | | $1.70 | $0.00 |

# CHARGE OF DISCRIMINATION

...ected by the Priva... ...t of 1974; See Privacy Act Statement b... this form.

AGENCY: ☐ FEPA ☒ EEOC

CHARGE NUMBER: 270A11432

Louisiana Comm. On Human Rights and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Ms. Connie D. Catchings | (985) 863-2152 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 38151 N. 3rd Avenue, Slidell, LA 70460 | | 11/28/1951 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| St. Tammany Assoc For Retarded Cit. | Cat B (101-200) | (985) 641-0197 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1541 St. Ann Place, Slidell, LA 70460 | | 103 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
*EARLIEST* 06/10/2000 *LATEST* 06/10/2000
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

I am filing this charge on behalf of my daughter, Christy Catchings, because of her disability. On or about June 10, 2000, my daughter was denied an opportunity to work in the laundry and was not allowed to earn the rate of pay that she would have received in the laundry. Instead of being hired as a seasonal worker, she was classified as a seasonal client worker.

Sherri Johnston, White Adult Coordinator, said that Christy could not work in the laundry because she didn't know how to fold towels.

I believe that my daughter was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, because of her race, Black, because Jonathan Sanders, White, was allowed to work in the laundry and because clients who are White are also allowed to work in the laundry. I believe that my daughter was also discriminated against in violation of the Americans with Disabilities Act of 1990 because of her disability by being denied the opportunity to try to work in the laundry.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Connie Catchings/Christy Catchings

Date 3-20-01 Charging Party *(Signature)*

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

EXHIBIT "5"

EEOC FORM 5 (Rev. 07/99)

[EQU]AL EMPLOYMENT OPPORTUNITY COMMI[SSIO]N

# DISMISSAL AND NOTICE OF RIGHTS

| To: Connie Catchings<br>38151 N. 3RD AVENUE<br>SLIDELL, LA 70460 | From: E.E.O.C<br>Memphis District Office<br>1407 Union Ave. Suite 621<br>Memphis, TN 38104 |
|---|---|

☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 270A11432 | Shirley S. McGee | (901) 544-0139 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

- ☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
- ☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.
- ☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
- ☐ We cannot investigate your charge because it was not filed within the time limit required by law.
- ☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.
- ☐ While reasonable efforts were made to locate you, we were not able to do so.
- ☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.
- [X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
- ☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
- ☐ Other *(briefly state)* ______

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice;** otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

Doris B. Woods

Doris B. Woods, Acting Director

September 19, 2001
*(Date)*

**Enclosure(s)**

270A11432

cc: . Atty. Michel T Tusa, Jr.
LeBlanc Tusa Butler, LLC
2121 Airline Drive
Suite 405
Metairie, LA 70001




EEOC FORM 161 (Rev 09/97)

RESPONDENT REP COPY

**STATE OF LOUISIANA**
**PARISH OF** St. Tammany

## AFFIDAVIT

BEFORE ME, the undersigned notary, personally appeared Rhonda Clark who after being duly sworn did state:

that she is an African American female who is employed by St. Tammany Association for Retarded Citizens ("STARC") as the Linen Service Facilitator;

that she has been employed by STARC in said position since June 7, 1997;

that in her position she came to know Connie Catchings and Christy Catchings;

that at one point in time Connie Catchings asked affiant if her daughter Christy could sit in the laundry facility while Connie drove her route bus for STARC as Christy had no-one to watch her;

that affiant advised Connie that Christy could not stay at the linen service facility while Connie drove her route;

that at no time did Connie Catchings or Christy Catchings ever ask affiant about a job for Christy working at linen services;

that affiant is not aware of Christy ever applying for a job with linen services;

that affiant does recall that Connie Catchings oldest daughter was hired for and worked in linen services for a ~~few~~ ½ RClark day~~s~~ and quit without notice to STARC;

that affiant's staff at linen services has generally consisted of 10-12 disabled workers, 3 linen service staff, 1 lead production worker and 1 driver;

that affiant is aware of no facts supporting the claim that STARC discriminated against Christy Catchings on the basis of a disability or on any other basis;



that affiant makes this affidavit of her own personal knowledge.

Rhonda S. Clark
RHONDA CLARK

**Sworn to and Subscribed before me this 19th day June, 2002**

Annell L. Williams
**Notary Public**

\\Ltbserver\data\mtusa\2862-004 (01-3629)\MISCELLANEOUS\AFFIDAVIT - CLARK wpd






COPY

**SERVICES**

*JANITORIAL*
*LAUNDRY*
*ASSEMBLY*
*SORTING*
*DELIVERY*

**SHERRI JOHNSTON**
*Program Coordinator*

*Office (504) 641-0432*
*Fax (504) 847-9231*

August 19, 1999

TO: Connie Catchings

FROM: Sherri Johnston

RE: Children/Work Place

On Tuesday, August 17th, you arrived at work with your daughter and stated that she could not go to camp until 10:00am. The same thing occurred on Wednesday, August 18th.

It is STARC's desire to assist staff in any way that we can; however, for the safety and well being of the clients supervised by staff and for the children of the staff, it is in the best interest of all that children not be brought to the work place.

In the future, if this arises, the solution is to let me know **first (do not bring children to the work place without prior permission from your supervision)** and for you to find a substitute for the day so that you can take care of your personal responsibility to your family member. In the aforementioned case, it might have been possible to arrange for you to come in after you took her to the camp.

I know I can count on you to follow STARC's policies and make the proper judgement call if a situation similar to this arises in the future.

Connie Catchings
Connie Catchings

8.19.99
Date





**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CONNIE CATCHINGS ON BEHALF OF HER DAUGHTER, CHRISTY CATCHINGS** | * <br> * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 01-3629** |
| **ST. TAMMANY ASSOCIATION FOR RETARDED CITIZENS** | * | **SECTION "K"** |
| | * | **MAGISTRATE 2** |

* * * * * * * *

**STATEMENT OF UNCONTESTED FACTS**

NOW INTO COURT, through undersigned counsel, comes defendant St. Tammany Association for Retarded Citizens ("STARC") who files the following statement of uncontested facts:

1. Christy Catchings was born on September 15, 1982;

2. On or about April 10, 2000, plaintiff's mother submitted a handwritten employment application on her behalf to STARC (Exhibit 1);

3. On or about April 20, 2000 Ms. Catchings obtained the necessary DOL Employment Certificate to allow Christy Catchings who was a minor at the time to work (Exhibit 2);

4. On or about May 5, 2000 Ms. Christy Catchings began employment with STARC as a

seasonal employee;

5. Ms. Christy Catchings received her first paycheck from STARC on or about May 12, 2000 (Exhibits 3 and 4);

6. Ms. Christy Catchings remained employed by STARC as a seasonal worker until on or about September 1, 2000 (Exhibits 3, 4);

7. On or about March 20, 2001 plaintiff's mother filed an EEOC charge on behalf of her daughter (Exhibit 5);

8. At the time the EEOC charge was filed Christy Catchings, plaintiff herein, was 18 years old and a major;

9. Plaintiff's mother also filed an EEOC charge against defendant on her own behalf;

10. On or about September 19, 2001 the EEOC issued a dismissal and right so sue letter to plaintiff finding no basis for her claim (Exhibit 6);

11. Plaintiff is mentally retarded but is not interdicted nor does she have any judgment reflecting that she has impaired capacity;

12. Plaintiff's initial lawsuit was filed on her behalf by her mother even though she, plaintiff, was a major at the time;

13. The subsequent amended complaint filed by Tulane deleted her mother as plaintiff and substituted Christy Catchings.

**LEBLANC, TUSA & BUTLER, LLC**

MICHAEL T. TUSA, JR., #02154
2121 Airline Drive
Suite 405
Metairie, Louisiana 70001
(504) 828-1010 (phone)
(504) 828-1079 (fax)
Attorney for St. Tammany Association for Retarded Citizens

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been forwarded to all counsel of record via U.S. Mail, postage pre-paid and properly addressed, this 14th day of August, 2002.

MICHAEL T. TUSA, JR.

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CONNIE CATCHINGS OF HER DAUGHTER, CHRISTY CATCHINGS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 01-3629** |
| **ST. TAMMANY ASSOCIATION FOR RETARDED CITIZENS** | * | **SECTION "K"** |
| | * | **MAGISTRATE 2** |

* * * * * * * *

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that the hearing on defendant's Motion for Summary Judgment will be set before the Honorable Joseph C. Wilkinson, Jr on September 11, 2002, at 11:00 a.m.

**LEBLANC, TUSA & BUTLER, LLC**

MICHAEL T. TUSA, JR., #02154
2121 Airline Drive
Suite 405
Metairie, Louisiana 70001
(504) 828-1010 (phone)
(504) 828-1079 (fax)
Attorney for St. Tammany Association for Retarded Citizens

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been forwarded to all counsel of record via U.S. Mail, postage pre-paid and properly addressed, this 14th day of August, 2002.

MICHAEL T. TUSA, JR.

S:\mtusa\2862-004 (01-3629)\PLEADINGS\NOTICE-HEARING.wpd