

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CONNIE CATCHINGS                                   CIVIL ACTION
ON BEHALF OF HER DAUGHTER,
CHRISTY CATCHINGS

VERSUS                                             NO. 01-3629

ST. TAMMANY ASSOCIATION                            SECTION "K" (2)
FOR RETARDED CITIZENS

### ORDER AND REASONS

Plaintiff, Connie Catchings, brought this action on behalf of her daughter, Christy Catchings ("Christy"), against Christy's former employer, the St. Tammany Association for Retarded Citizens ("STARC"). Christy is a developmentally disabled adult.[1] Plaintiff alleges that STARC discriminated against Christy on the basis of her race (African-American) and disability by failing to hire her for a job in defendant's linen services facility, in violation of Title VII and the Americans with Disabilities Act ("ADA").

---

[1] In the amended complaint filed after counsel was appointed to represent plaintiff, Christy purports to assert her claims on her own behalf, presumably because she has not been formally placed under the guardianship of her mother. Record Doc. No. 12, Amended Complaint. However, neither the amended complaint nor any motion has formally dismissed Connie Catchings nor substituted Christy as plaintiff in this action. Accordingly, this order refers to Connie Catchings as plaintiff.

DATE OF ENTRY
OCT 2 2 2002



Record Doc. No. 1, Complaint; Record Doc. No. 12, Amended Complaint. In her amended complaint, plaintiff also brings state law claims of intentional infliction of emotional distress and negligent supervision of employees. Id. This matter was referred to the undersigned magistrate judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 3.

STARC filed a motion for summary judgment on plaintiff's race and disability discrimination claims only. Record Doc. No. 24. Plaintiff filed a timely opposition memorandum. Record Doc. No. 26. Both parties attached exhibits that were not verified as required by Fed. R. Civ. P. 56(e). However, at the motion hearing conducted on October 9, 2002, counsel for both parties stipulated that there is no dispute as to the authenticity of any exhibit. Participating in the hearing were Jane Johnson of the Tulane Law Clinic and student attorney Travis Counts, representing plaintiff; and Michael T. Tusa, Jr., representing defendant. During the hearing, counsel for plaintiff stated that she was willing to dismiss plaintiff's state law claims.

## ANALYSIS

I.  Standard of Review for Summary Judgment Motions

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

2

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case. Edwards v. Your Credit, Inc., 148 F.3d 427, 431 (5th Cir. 1998) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

> When a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."

Thomas v. Barton Lodge II, Ltd., 174 F.3d 636, 644 (5th Cir. 1999) (citing Celotex, 477 U.S. at 322-23; quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law. Anderson, 477 U.S. at 248; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000). An issue is "genuine" if the evidence is sufficient for a rational trier of fact to return a verdict for the nonmoving party. Id.

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim. National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712

(5th Cir. 1994) (citing Celotex, 477 U.S. at 321-23). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex, 477 U.S. at 323.

The court must consider all evidence in the light most favorable to the nonmoving party. National Ass'n of Gov't Employees, 40 F.3d at 712-13. "Conclusory allegations unsupported by specific facts, however, will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'" Id. at 713 (quoting Anderson, 477 U.S. at 249).

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards, 148 F.3d at 432; accord Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Id. (emphasis in original). "Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Id. (quotation omitted) (emphasis in original).

4

II.     Plaintiff Fails to Establish a Prima Facie Case of Discrimination

As both parties agree, this case turns on a single fact issue: did Christy actually apply for a position in defendant's linen services department? If she did not, she cannot establish a prima facie case of either race or disability discrimination.

In a Title VII case alleging a racially discriminatory failure to hire, plaintiff has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Plaintiff can satisfy this burden with circumstantial evidence by showing that "(i) [s]he belongs to a . . . minority; (ii) [s]he applied and was qualified for a job the employer was trying to fill; (iii) though qualified, [s]he was rejected; and (iv) thereafter the employer continued to seek applicants with complainant's qualifications." Id.

If a prima facie case is present,

> the burden then shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. . . . [S]hould the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a mere pretext for discrimination.

Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (quotation and citation omitted); accord Nichols v. Lewis Grocer, 138 F.3d 563, 566 (5th Cir. 1998).

5

To establish a prima facie case of discrimination under the ADA, 42 U.S.C. § 12112(a), a plaintiff must show that "(1) he or she suffers from a disability; (2) he or she is qualified for the job; (3) he or she was subject to an adverse employment action; and (4) he or she was replaced by a non-disabled person or was treated less favorably than non-disabled employees." Burch v. Coca Cola Co., 119 F.3d 305, 320 (5th Cir. 1997) (quotation omitted).

If plaintiff carries her burden of establishing a prima facie case, the court proceeds through the same burden-shifting evidentiary framework announced in McDonnell Douglas Corp. for cases brought under Title VII and equally applicable to ADA claims. Burch, 119 F.3d at 320; Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 396 (5th Cir. 1995).

Plaintiff has proffered insufficient evidence in this case to meet her burden of establishing a prima facie case of either type of discrimination. There is no evidence tending to show that Christy ever applied for a job in defendant's linen services department. Because she did not apply for the subject position, she cannot meet the second and third prongs of the McDonnell Douglas test (she applied and was rejected), nor can she show that she was subject to an adverse employment action under the Burch test for an ADA claim.

Plaintiff relies on the following evidence. First, when Christy applied for and was accepted for seasonal work for a few months (a different job than the subject linen services

6

job), STARC waived its requirement for a written application for any future job applications. Defendant does not contest that a written application was not strictly necessary, and both parties agree that no written application was prepared for the linen services job.

Second, plaintiff alleges that a linen services job was available and that defendant eventually hired someone else for that position. STARC also does not contest this fact.

Third, plaintiff relies on the combined deposition testimony of Sherri Johnston and of Christy. Johnston is a supervisor at STARC. Connie Catchings was employed by STARC at the relevant time. Johnston testified as follows:

> The linen facilitator [Rhonda Clark] came to me after Connie approached and asked her if Christie--if she had anything that Christie could do during the time that Ms. Catchings [drove her bus route for STARC]. This was during the time that Christie [sic] was still in school and she was out of school, you know, for a holiday, and [Connie Catchings] approached Rhonda and said, you know, do you have any work that Christie can do in the mornings while I'm running my route, anything that she could possibly do in there.

Plaintiff's Exh. 5, Johnston deposition at 27. Plaintiff also cites Christy's deposition testimony that Johnston told Christy she could not fold towels, which was an aspect of the linen services job. Plaintiff's Exh. 3, Christy Catchings' deposition at 9.[2]

---

[2] Although Johnston denies ever saying this, Plaintiff's Exh. 5, Johnston deposition at 25, this fact dispute is resolved in favor of plaintiff for purposes of the pending summary judgment motion.

7

This evidence is insufficient to create a triable fact issue that Christy actually applied for a job in the linen services facility. Christy's testimony does not indicate the context in which Johnston said that Christy could not fold towels and therefore does not tend to establish that Christy applied for the subject job. Clark testified in her affidavit that "Connie Catchings asked affiant if her daughter Christy <u>could sit</u> in the laundry facility while Connie drove her bus route for STARC as Christy had no one to watch her." Defendant's Exh. 7 (emphasis added). Johnston's testimony, which is consistent with Clark's, raises no inference that plaintiff was seeking a job for Christy. Rather, it is clear that plaintiff was merely looking for a place to keep Christy safe while her daughter was out of school and plaintiff was driving her bus route and could not supervise Christy.

Accordingly, because plaintiff cannot establish a prima facie case of race or disability discrimination, STARC is entitled to summary judgment in its favor as a matter of law on these claims.

Even if plaintiff could somehow establish a prima facie case of discrimination, STARC has articulated a legitimate, nondiscriminatory reason for not hiring Christy: it was not aware that she had applied for a job. It had no written job application and it did not understand plaintiff's vague request to Clark to constitute a job application. Given that defendant has articulated a legitimate, nondiscriminatory reason for not hiring Christy, the

burden shifts to plaintiff to rebut that reason with evidence of discrimination. She has failed to proffer any such evidence.

Accordingly, STARC is entitled to summary judgment in its favor as a matter of law on these claims.

III.   Plaintiff's State Law Claims

In her amended complaint, plaintiff also brings claims under Louisiana law of intentional infliction of emotional distress and negligent supervision of employees. Although STARC did not move for summary judgment on either of these claims, plaintiff's counsel stated at the hearing that she would dismiss her claims of intentional infliction of emotional distress and negligent supervision. Even if plaintiff were not willing to dismiss these claims, the court would decline to exercise its supplemental jurisdiction.

Although a plaintiff may bring state law claims in a federal action pursuant to the court's supplemental jurisdiction, 28 U.S.C. § 1367(a), a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3). The court's determination whether to exercise supplemental jurisdiction is guided by "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity that the Supreme Court outlined in Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350-51 (1988), and United Mine

Workers v. Gibbs, 383 U.S. 715, 726 (1966)." Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999).

> Although the Fifth Circuit's
>
> "general rule" is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial, this rule is neither mandatory nor absolute. Thus, while the district court's dismissal of the [plaintiff's] federal claims provides a powerful reason to choose not to continue to exercise jurisdiction, no single factor is dispositive in this analysis.

Id. (quotations and citations omitted). The district court must make its decision "in light of the specific circumstances of the case at bar." Id. (quotation and citation omitted).

In the instant case, plaintiff's federal claims have been dismissed on the merits. The factors of judicial economy, convenience, fairness and comity in this case weigh in favor of declining supplemental jurisdiction. First, as noted, plaintiff has indicated her willingness to dismiss her state law claims voluntarily. Second, comity favors dismissing the claims and letting the state court handle them (if plaintiff decides to pursue them) because of Louisiana's interest in adjudicating the claims of its citizens brought under its laws. Third, because the claims have not been addressed at all in this court and this court is not particularly familiar with them, judicial economy does not weigh in favor of maintaining jurisdiction. Finally, fairness and convenience are equal whether the claims are brought in state or federal court.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendant's motion for summary judgment is GRANTED and that plaintiff's race and disability discrimination claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that plaintiff's state law claims of intentional infliction of emotional distress and negligent supervision of employees are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this _21st_ day of October, 2002.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

11